IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EDWIN E. WHITE,                     :

        Plaintiff,                  :

vs.                                 :   CIVIL ACTION 16-407-KD-M

SHERIFF SAM COCHRAN,                :

        Defendant.                  :

REPORT AND RECOMMENDATION

Plaintiff, a Mobile County Metro Jail inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

I.  Complaint. (Doc. 1).

The Court is including in its consideration of the Complaint the Declarations of Plaintiff (Doc. 6), inmate Walter Ipock (Doc. 3), and inmate Randy Price (Doc. 4), which were signed under penalty of perjury and were filed before the Complaint.  The Complaint and Plaintiff's Declaration, however, will frame Plaintiff's claims, while the other Declarations are

considered supporting. *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  These documents contain allegations about Plaintiff's conditions of confinement at the Mobile County Metro Jail ("jail").

In Plaintiff's Complaint on the Court's complaint form, he did not respond to questions inquiring about his conviction. Most of the spaces were left empty except he indicated that he did not have a conviction that would form the basis for a future sentence.  Therefore, it is not clear whether Plaintiff is a pretrial detainee or is a convicted prisoner.  His information that he has been at the jail from October 21, 2015, does not clarify his status.  (Doc. 1 at 3).

With regard to Plaintiff's substantive claims, he complains that "we" have to stand in raw sewage in the shower due to a sewage leak, which has been ignored by maintenance and staff for months.  (Doc. 1 at 4).  He alleges that in most cells there is no water, and where there is water, the water is full of contaminants.  (*Id.*).  Maintenance and staff have ignored this situation and stated that the equipment is too old to repair. (*Id.*).  As a consequence, Plaintiff claims that he and other detainees have developed a fungus on their feet.  (*Id.*). Plaintiff also advises that he is required to shower in an area

where black mold covers the walls.  (*Id.* at 5).  These issues, Plaintiff states, he presented through grievances at the jail, along with a number of requests to maintenance and staff, which have been ignored.  (*Id.* at 3).

For relief, he wants the Defendant to correct these issues, with a private contractor verifying that they have been corrected, and to be awarded compensatory and punitive damages for his physical and mental distress.  (*Id.* at 6).

In Plaintiff's Declaration signed under penalty of perjury, he adds to the Complaint's allegations, stating that "[t]he staff and the Defendant in charge of the Jail have ignored several issues concerning our health and safety in the 'Wedge' [905-C]."  (Doc. 6 at 1).  He includes that the staff periodically will pour bleach in the shower area, which forces them to breathe fumes.  (*Id.*).  "Many inmates have developed a foot fungus[;] [w]e need some outside physician to come in and treat our needs."  (*Id.*).  He provides that since using the shower area, his feet have turned "dark."  (*Id.* at 2).  Inmates also have developed skin rashes due to the contaminated water. (*Id.*).

Plaintiff asserts that the City of Mobile Fire Department is supposed to inspect the jail, but it does not.  (Id.).  The Mobile County Health Department and Grand Jury inspect the jail

3

every two to three months, but they do not come into the Wedge to inspect it, they only look through the door. (*Id.*).

In the Declaration of inmate William Ipock signed under penalty perjury, Ipock details that in Wedge 905-C, "[t]he toilet in the shower area sprays human waste on the wall when it is flushed [and] [they] have to stand in it while [they] shower." (Doc. 3 at 1). He says that mold is all over the shower's walls and floor, on the windowsill near their heads when they sleep, and on the air vents, thus making them breathe contaminated air. (*Id.*). They must clean the Wedge, even after other inmates, without being paid or face a disciplinary. (*Id.*).[1]

The declaration of Randy Price signed under penalty of perjury does not contribute new information about Plaintiff's claims and therefore is not described. (Doc. 4).

II.   Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Complaint (Doc. 1) and Plaintiff's Declaration (Doc. 6) under 28 U.S.C. § 1915(e)(2)(B).   Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v.*

---

[1] The other information contained in inmate Ipock's Declaration is not relevant to Plaintiff's claims, e.g., unidentifiable ground meat, missing or late mail.

*Williams,* 490 U.S. 319, 325 (1989).[2]  A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly,* 550 U.S. at 555, 557 (second brackets in original).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678.

---

[2]   *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 129 S.Ct. 1937.  Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal,* 556 U.S. at 681.  And a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989).

III. <u>Analysis</u>.

    A.  <u>Applicable Law on Conditions-of-Confinement Claim</u>.

As mentioned earlier, it is not clear whether Plaintiff is a pretrial detainee or a convicted prisoner due to the lack of responses to the Court's form's questions.  Perhaps, the absence of responses is an indication that he was not convicted at the time that he filed the Complaint on August 3, 2016.  To support a deduction that he was a pretrial detainee, he mentions once

that other detainees have developed a fungus like he has on his feet. (Doc. 1 at 4). Whether he is a pretrial detainee or convicted prisoner is not critical in this action because his claims are based on his conditions of confinement, a point that is explained below.

"Claims involving the mistreatment of ... pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners." *Bozeman v. Orum,* 422 F.3d 1265, 1271 (11th Cir. 2005)(internal quotes omitted), *abrogated in part on other grounds*, *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (June 22, 2015)(holding that a pretrial detainee's excessive force claim under the Fourteenth Amendment is now governed by an objective standard, not the subjective standard under the Eighth Amendment); *see Jacoby v. Mack,* 2016 WL 1117525 (S.D. Ala. 2016)(unpublished) (on appeal). However, a pretrial detainee's non-excessive force claims, e.g., medical care and conditions of confinement claims, are governed by the same standard for an Eighth Amendment claim. *Smith v. Terry*, 2016 WL 4942066 (M.D. Ala. 2016) (collecting post-*Kinglsey* cases applying the deliberate indifference standard to medical care and conditions of confinement claims, including an Eleventh Circuit case);

*Tucker v. Busbee*, 619 F. App'x 868, 671 (11th Cir. July 27, 2015) (applying the Eighth Amendment standard to a pretrial detainee's medical claim); *Kahlout v. Jefferson Cnty. Jail,* 2016 WL 5339596, at *6 n.1 (N.D. Ala. 2016) (same).

The Constitution does not require that places of incarceration be comfortable. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). However, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates[,]" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), in order for basic human needs to be met. *Rhodes,* 511 U.S. at 347.

To state a claim for a violation of the Eighth and Fourteenth Amendments in the context of a prisoner's conditions-of-confinement claim, it must be shown that a prison or jail official is deliberately indifferent "to a substantial risk of serious harm to an inmate[.]" *Farmer*, 511 U.S. at 825. This two-part test consists of an objective and a subjective component. *Id.* at 834. The objective component requires that the deprivation be sufficiently serious. *Id.* A condition meets this standard when a condition causes the deprivation of a single human need. *Wilson v. Seiter,* 501 U.S. 294, 304 (1991); *Jordan v. Doe,* 38 F.3d 1559, 1565 (11th Cir. 1994). Stated another way, the condition must amount to a deprivation of the

8

"the minimal civilized measure of life's necessities."  *Wilson,* 510 U.S. at 304-05.

To satisfy the subjective component the official must have been deliberately indifferent to an inmate's health or safety. *Farmer,* 511 U.S. at 834.  "[T]he official [must] know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

The Eleventh Circuit expressed this standard, in the context of § 1983, by stating that "the plaintiffs must prove three elements: (1) a condition of confinement that inflicted unnecessary pain or suffering, *Rhodes* . . .  (2) the defendant's "deliberate indifference" to that condition, *Wilson* . . . and (3) causation, *Williams v. Bennett*, 689 F.2d 1370, 1389—90 (11th Cir. 1982)."  *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir.), *cert. denied*, 510 U.S. 1164 (1993).  "For our purposes, the . . . Amendment[s] define[] the contours of the first two elements and section 1983 delimits the third."  *Id.*

B. Subjective Component Not Satisfied and Application of Respondeat Superior.

In reviewing Plaintiff's claims, the Court finds his allegations are very general even though he is required to plead sufficient facts to demonstrate that his claims are plausible.

*Iqbal,* 556 U.S. at 678.  The sole Defendant, Sheriff Sam Cochran, is not referred to by name in the allegations and is mentioned only once as "Defendant," i.e., "[t]he staff and Defendant in charge of the Jail have ignored several issues concerning our health and safety in the 'Wedge.'"  (Doc. 6 at 1).  For the most part, the allegations identify the culpable entities as "staff" and "maintenance."  (Doc. 1).

In order to state a § 1983 claim against Defendant Cochran, Plaintiff must show that Defendant Cochran knew about the offending conditions and was deliberately indifferent to the conditions.  *LaMarca*, 995 F.2d at 1535.  Plaintiff's allegations do not demonstrate that Defendant Cochran had *actual* knowledge of Plaintiff's claims or the complained of conditions.  There is only one reference of Defendant Cochran "ignoring" issues. (Doc. 6 at 1) ("The staff and Defendant in charge of the Jail have ignored several issues concerning our health and safety in the 'Wedge.'").  This allegation by itself, with no other facts showing how Defendant Cochran actually knew, does not plausibly show that Defendant Cochran had knowledge.  Moreover, there are no allegations stating that Defendant Cochran was deliberately indifferent, showing that a custom or policy of Defendant Cochran was involved, or showing deliberate indifference on Defendant Cochran's part through his actions, customs, or

10

policies.  In the absence of the foregoing information,
Plaintiff has failed to establish the deliberate indifference
component of a conditions-of-confinement claim and therefore has
failed to state a claim against Defendant Cochran.

Furthermore, "[i]t is well established in this Circuit that
supervisory officials are not liable under § 1983 for the
unconstitutional acts of their subordinates on the basis of
*respondeat superior* or vicarious liability." *Cottone v. Jenne*,
326 F.3d 1352, 1360 (11th Cir. 2003).  Supervisor liability only
arises

> [W]hen the supervisor personally participates in
> the alleged unconstitutional conduct or when
> there is a causal connection between the actions
> of a supervising official and the alleged
> constitutional deprivation. *Gonzalez,* 325 F.3d
> at ——, 2003 WL 1481583, at *5; *Brown v.
> Crawford,* 906 F.2d 667, 671 (11th Cir. 1990).
> The necessary causal connection can be
> established "when a history of widespread abuse
> puts the responsible supervisor on notice of the
> need to correct the alleged deprivation, and he
> fails to do so." *Gonzalez*, 325 F.3d at ——,
> 2003 WL 1481583, at *5 (quoting *Braddy v. Fla.
> Dept. of Labor & Employment*, 133 F.3d 797, 802
> (11th Cir. 1998)); *Brown*, 906 F.2d at 671.
> Alternatively, the causal connection may be
> established when a supervisor's "'custom or
> policy ... result[s] in deliberate indifference
> to constitutional rights'" or when facts support
> "an inference that the supervisor directed the
> subordinates to act unlawfully or knew that the
> subordinates would act unlawfully and failed to
> stop them from doing so." *Gonzalez*, 325 F.3d at —
> ——, 2003 WL 1481583, at *5 (quoting *Rivas v.
> Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991));
> *Hartley*, 193 F.3d at 1263; *see also Post v. City*

> *of Ft. Lauderdale*, 7 F.3d 1552, 1560—61 (11th
> Cir. 1993).  "The standard by which a supervisor
> is held liable in [his] individual capacity for
> the actions of a subordinate is extremely
> rigorous." *1361 *Gonzalez,* 325 F.3d at ——, 2003
> WL 1481583, at *4 (internal quotation marks and
> citation omitted).

*Id.* at 1360—61.

In the present action, a fair reading of Plaintiff's allegations indicates that he wants to hold Defendant Cochran liable on the basis of *respondeat superior* or vicarious liability inasmuch as his allegations show no personal involvement, policy, or custom of Defendant Cochran.  For this additional reason, Plaintiff has failed to state a claim against Defendant Cochran upon which relief can be granted.

C. Objective Component Not Satisfied.

Even though this action is due to be dismissed for the abovementioned reasons, an examination of the pleading of the conditions indicates they are inadequately pled as well.  With respect to his shower claim, Plaintiff's Declaration interestingly mentions that the staff periodically pours bleach in the shower area.  (Doc. 6 at 1).  This indicates that cleaning of the shower is taking place despite the improperly operating toilet.  Moreover, in inmate Ipock's Declaration, Ipock complains about having to clean the Wedge without pay or

face a disciplinary.[3]  (Doc. 3 at 2).  This statement further reinforces the fact that cleaning is occurring and seems to indicate that products for cleaning are available to inmates. These statements undercut Plaintiff's claims concerning mold and unsanitariness.

With respect to allegedly contaminated water, no description is provided as to how the water is contaminated or how he knows that it is contaminated.  There is no indication that this water is different from the same water that the City of Mobile receives.  Moreover, no allegations are present showing that Plaintiff does not have water, access to water from other sources, or other liquids to drink.  This contaminated water claim is connected to the availability of water in the cells according to his allegations.  (Doc. 1 at 4, no. 2).  He claims that he has developed a fungus on his feet from it, as have other inmates.  (*Id.*).  Then, in his Declaration he states that his feet have turned dark from being in and out of the shower area.  (Doc. 6 at 2).  Additionally, other inmates have developed skin rashes from the water at the jail.  (*Id.*). Details about how the water is the cause for the rash and the

---

[3] Plaintiff offers no explanation how the cleaning affects his complained-of-conditions.  The Court is mindful that "allegations that are contradicted by other allegations in the complaint may also constitute grounds for dismissal." *Battle v. Central State Hosp.,* 898 F.2d 126, 130 n.3 (11th Cir. 1990).

fungus are absent.  The Court observes that there could be several causes for the fungus due Plaintiff living in close proximity to other inmates.  Plaintiff's lack of details prevent him from demonstrating a plausible unconstitutional condition based on contaminated water.

Furthermore, inasmuch as Plaintiff does not have a rash resulting from the water, he would not have standing to bring a claim based on the rash. *Allen v. Wright,* 468 U.S. 737, 751 (1984) (holding that there is as a "general prohibition on a litigant's raising another person's legal rights" in federal court), *overruled on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S.Ct. 1377, 1387(2014); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (holding "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical' in order to state a claim) (internal quotations omitted).  On the other hand, if Plaintiff's intent is to show by mentioning the rash that the water is contaminated, his reasoning is unsound.  There can be several causes for a rash.

Regarding the sewage leak, Plaintiff provides no detailed information about it.  It is only through inmate Ipcock's

Declaration that more information is provided, i.e., the toilet sprays human waste on the walls when it is flushed and they have to stand in it when they shower.  (Doc. 3 at 1).  The allegations concerning this condition are sparse when considering that a shower does have a drain or drains, inmates generally are given slides to wear, no mention is made of other toilets or of the frequency of the occurrence, and no details are provided to explain how the unidentified waste gets from the walls to the floor.  Furthermore, an injury connected to this condition is not clearly conveyed.  Plaintiff mentions that he has a foot fungus (Doc. 6 at 1-2, Doc. 1 at 4), which is connected to the water in the cells, but then his feet have turned dark from using the shower.  (Doc. 6 at 1-2).  This condition is not specifically linked to the sewage in the shower, but just the shower; rather, it is more closely connected to the prior contaminated water allegation.

Moreover, no information is provided about the specific condition of his feet and whether he received a diagnosis for it.  In communal living areas, such as the jail, a foot fungus can be easily transmitted by a variety of means.  *See* www.mayoclinic.org.diseases-conditions/athletes-foot/home

(lasted visited Oct. 13, 2016).[4]

Plaintiff's allegation of a foot fungus is the only injury he connected to the conditions at the jail.  However, a conditions-of-confinement claim is only stated when a deprivation is extreme.  *Hudson v. McMillian,* 503 U.S. 1, 9 (1992).  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  *Wilson,* 501 U.S. at 298.  Plaintiff has not conveyed through his allegations an extreme condition or conditions that is causing a deprivation of a single human need.  *Id.* at 304; *Jordan,* 38 F.3d

---

4 One type of foot fungus, which is contracted in a variety of environments, is athlete's foot, which is defined as:

> Athlete's foot (tinea pedis) is a fungal infection that usually begins between the toes. It commonly occurs in people whose feet have become very sweaty while confined within tightfitting shoes.

> Signs and symptoms of athlete's foot include a scaly rash that usually causes itching, stinging and burning. *Athlete's foot is contagious and can be spread via contaminated floors, towels or clothing.*

> Athlete's foot is closely related to other fungal infections such as ringworm and jock itch. It can be treated with over-the-counter antifungal medications, but the infection often recurs. Prescription medications also are available.

www.mayoclinic.org.diseases-conditions/athletes-foot/home emphasis added).

at 1565; *see Stanley v. Page*, 44 F. App'x 13, 15 (7th Cir. 2002) (holding "[n]one of the deprivations that Stanley complains of rises to the level of an objectively, sufficiently serious injury. . . [E]ven if standing water caused or exacerbated Stanley's athlete's foot, his infection did not cause him 'serious harm,' and the slow drain in the shower did not pose 'an excessive risk' to his health or safety"); *McCarty v. McGee,* 2008 WL 341643, at *3 (S.D. Miss. 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation."); *Middlebrook v. Tennessee Dep't of Corr.,* 2010 WL 3432687, at *12 (W.D. Tenn. 2010) (collecting cases finding that "standing waters in a prison shower do not pose a risk of sufficiently serious harm or excessive risk to the health or safety of inmates"); *see also Clark v. Gusman,* 2012 WL 1825306, at *5 (E.D. La. 2012) ("The mere fact that there is mold, mildew, or fungus does not warrant relief."); *Jordan v. Franks,* 2010 WL 4007641, at *2 (S.D. Ga. 2010) ("mere exposure to mold, mildew, and odors does not amount to 'an excessive risk to inmate health or safety' under the Eighth Amendment"). As pled, Plaintiff's allegations do not show a "substantial risk of serious harm" to him and, therefore, he has

17

not satisfied the objective component of a conditions-of-confinement claim. *See Wilson v. Lynaugh,* 878 F.2d 846, 849 & n.5 (5th Cir.)(noting that the Constitution does not protect prisoners from "discomfort and inconvenience" and that prisoners "cannot expect the amenities, conveniences, and services of a good hotel"), *cert. denied,* 493 U.S. 969 (1989). Plaintiff's foot-fungus injury does not demonstrate that the conditions at the jail caused Plaintiff to sustain a deprivation of a constitutional magnitude.

IV. <u>Conclusion</u>.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[5]

---

[5]   In the alternative, Plaintiff's damages claims can be dismissed pursuant to 42 U.S.C. § 1997e(e). Because Plaintiff is incarcerated, this section applies to him. 42 U.S.C. § 1997e(h). Section 1997e(e) was enacted by Congress "[i]n an effort to stem the flood of prisoner lawsuits in federal court[.]" *Harris v. Garner*, 216 F.3d 970, 971 (11th Cir.), *cert. denied*, 532 U.S. 1065 (2001). This section is "[r]ead as a limitation on recovery only[.]" *Harris v. Garner*, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[] a tort damages remedy for every claimed constitutional violation"), *opinion vacated by* 197 F.3d 1059, *opinion reinstated in part by* 216 F.3d 970 (11th Cir. 2000). By enacting this section, Congress chose to "preclude[] some actions for money damages[,]" *id.* at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[,]" *id.* at 1289, and nominal damages. *Brooks v. Warden,* 800 F.3d 1295, 1307-09 (11th Cir. 2015).

Based upon the foregoing reasons, it is recommended that

this action be dismissed without prejudice, prior to service of

---

Section 1997e(e) applies "only to lawsuits involving (1)
Federal civil actions (2) brought by a prisoner (3) for mental
or emotional injury (4) suffered while in custody." *Napier v.
Preslicka*, 314 F.3d 528, 532 (11th Cir.), *cert. denied*, 540 U.S.
1112 (2004). All claims, including constitutional claims, are
encompassed by the statute's clear and broad language, with no
exceptions being provided. *Al-Amin v. Smith*, 637 F.3d 1192,
1197 (11th Cir. 2011). No distinction is made between
"constitutional claims frequently accompanied by physical injury
(e.g., Eighth Amendment violations) and those rarely accompanied
by physical injury (e.g., First Amendment violations)[;]" all
constitutional claims are treated equally. *Id.* "In order to
avoid dismissal under § 1997e(e), a prisoner's claims for
emotional or mental injury must be accompanied by allegations of
physical injuries that are greater than *de minimis*." *Mitchell
v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312—13
(11th Cir. 2002).

In the present case, Plaintiff states in his *ad damnum*
clause that he wants punitive and compensatory damages "due to
physical and mental distress." (Doc. 1 at 6). These damage
claims come within § 1997e(e)'s purview unless there is a
physical injury that is greater than *de minimis.* The only
physical injury that Plaintiff alleges suffering is a foot
fungus. Courts, however, have held that a foot fungus is an
injury that is not greater than *de minimis. Beasley v. LeBlanc,*
2012 WL 5994299, at *2 (W.D. La. 2012) (unpublished); *Thompson
v. Carlsen,* 2010 WL 3584409, at *14 (N.D.N.Y. 2010)
(unpublished); *Walker v. Dart,* 2010 WL 669448, at *4 (N.D. Ill.
2010) (unpublished); *Stanley v. Page,* 44 F. App'x 13, at **1
(7th Cir. 2002) (unpublished); *Wittkamper v. Arpaio,* 2008 WL
1994908, at *2 (D. Ariz. 2008) (unpublished); *Pomier v. Leonard,*
532 F. App'x 553 (5th Cir. 2013) (unpublished). Accordingly,
Plaintiff's damages claims are due to be dismissed without
prejudice on the alternate ground of being precluded by 42
U.S.C. § 1997e(e). *See Harris,* 216 F.3d at 979 (ruling a
dismissal pursuant to 42 U.S.C.§ 1997e(e) is to be without
prejudice).

process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and

20

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 17th day of October, 2016.

s/BERT W. MILLING, JR.
BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE