# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EDWIN E. WHITE #0256955,  )  <br> Plaintiff,  ) <br> ) <br> v.   ) <br> ) <br> SHERIFF SAM COCHRAN,  ) <br> Defendant.  ) | CIVIL ACTION 16-00407-KD-M |

## ORDER

This matter is before the Court on Plaintiff Edwin E. White (White)'s motion for reconsideration and amended complaint. (Doc. 31).

In August 2016, White initiated this *pro se* Section 1983 action against Sheriff Cochran, alleging that while detained in the Mobile County Jail, he developed a foot fungus due to unsanitary shower conditions involving sewage and was exposed to contaminated water in his cell which created skin rashes. (Doc. 1). On October 17, 2016, the Magistrate Judge *sua sponte* issued an R&R recommending that White's complaint be dismissed without prejudice for failure to state a claim on which relief can be granted, noting in part that the complaint failed to adequately allege constitutional violations. (Doc. 14). On November 18, 2016, the undersigned adopted the R&R, dismissed the action without prejudice and issued a final judgment. (Docs. 16, 17). On December 12, 2016, White filed a timely Notice of Appeal. (Doc. 18). On February 23, 2017, the undersigned denied White's request to appeal *in forma pauperis*, ruling that the appeal would not be taken in good faith, assessed the appellate filing fee and established a partial payment plan. (Doc. 24).

White's appeal before the Eleventh Circuit included a motion to amend his complaint. On November 27, 2017, the Eleventh Circuit issued its decision and mandate, concluding that White failed to allege liability as to Sheriff Cochran and while this Court could have given him the opportunity to amend his complaint, the amended complaint submitted on appeal "still fails to raise a

plausible claim of unconstitutional confinement conditions[]" but "the district court dismissed the action without prejudice, which gives White and opportunity to file an adequate complaint."  (Doc. 29 at 8-9).  The Eleventh Circuit ruled that White has "no non-frivolous issues for appeal" and dismissed his appeal as well as denied his motion to amend the complaint because "he filed the motion in the incorrect court. He should have directed the motion to amend to the district court."  (Doc. 29 at 9).  In so doing, the Eleventh Circuit did not explicitly affirm or vacate this Court's order/judgment, or remand the case.

On December 20, 2017, White filed a "Motion to Reconsider and Modify an Order for an Adequate Complaint under Color of State 42 U.S.C. § 1983" in this Court.  (Doc. 31).  The motion appears to be a request for the undersigned to, post-judgment and post-mandate, reconsider the order/judgment issued in this case based on a proposed (attached) amended complaint which he seeks this Court now deem "adequate."  As noted *supra*, the Eleventh Circuit's ruling (and mandate) did not explicitly remand the case, vacate the order/judgment or affirm the order/judgment.  The ruling and mandate simply dismissed White's appeal while telling him that because this Court dismissed his action without prejudice, he has the opportunity to file "an adequate complaint" – i.e., suggesting he return to this Court to amend his complaint.

White has not specified whether his motion is filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. If under Rule 59(e) (to alter or amend a judgment), White had 28 days after entry of the November 16, 2017 judgment to file such a motion.  White's motion was filed more than 28 days after entry of the judgment.  As such, Rule 59(e) is inapplicable.

The Court thus turns to Rule 60(b).  Case law provides that "[i]t is clear that under certain circumstances relief may be granted under Rule 60(b) even after an appellate court has issued its mandate. *See, e.g. LSLJ Partnership v. Frito–Lay, Inc.,* 920 F.2d 476, 478–79 (7th Cir.1990); *Ritter v. Smith*, 811 F.2d 1398, 1403–04 (11th Cir.)…though a judgment may be modified pursuant to Rule 60(b)(6) after affirmation on appeal, it is clear that a district court may not "flout[] the mandate" of

2

the higher court. *See LSLJ Partnership,* 920 F.2d at 478, *Ritter*, 811 F.2d at 1404." Shute v. Carnival Cruise Lines, Inc., 804 F. Supp. 1525, 1529 (S.D. Fla. 1992). See also S.E.C. v. Imperiali, Inc., 594 Fed. Appx. 957, 963 (11th Cir. 2014) ("The district court may correct the error after our mandate is issued and jurisdiction is returned to the district court. *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir.1990) (…a district court 'is without jurisdiction to rule in a case that is on appeal...until the mandate has issued')."[]).[1]

If White filed his motion to reconsider under Rule 60(b)(1), (2) or (3), he had "no more than a year after the entry of the judgment[]" to file such a motion. Fed.R.Civ.P. 60(c)(1). Otherwise, under Rule 60(b)(4), (5) or (6), White had a "reasonable time" within which to file the motion. Upon consideration of White's *pro se* status[2] and his filing of the motion more than one (1) year after entry of judgment, the Court construes his motion as a Rule 60(b)(6) motion to reconsider filed within a reasonable time.[3] Also, based on the wording of the Eleventh Circuit's decision which suggests that he return to this Court with an amended complaint for further review, the court finds his request for relief at this late date reasonable.

Turning to the merits of his Rule 60(b)(6) request, this relief "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances[]" and is a matter "for the district court's sound discretion." Johnson v. Am. Sec. Ins. Co., 392 Fed. Appx. 838, 841 (11th Cir.

---

[1] See also Bradshaw v. Lappin, 2009 WL 1396189 (D. Colo. 2009) ("It is well established that jurisdiction does not return to a district court until issuance of the appellate mandate. *See, e.g., United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir.1996) ('A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals.'); *United States v. Rivera,* 844 F.2d 916, 921 (2d Cir.1988) ('…jurisdiction follows the mandate.'). In *United States v. DeFries*, 129 F.3d 1293 (D.C.Cir.1997)…[t]he Court of Appeals…explain[ed] that the 'relationship between district court jurisdiction and the issuance of the mandate is clear and well-known' and that '[t]he district court thus lacked jurisdiction' to proceed until after the mandate had issued. *Id*. at 1302–03.)[]").

[2] A *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Carter v. HSBC Mortg. Serv., Inc., 622 Fed. Appx. 783, 786 (11th Cir.2015).

[3] The Court finds that White filed his motion to reconsider within a "reasonable time" as he filed it approximately 13 months after the final judgment and less than one (1) month after the Eleventh Circuit mandate.

2010); Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000). "In the interest of finality and conservation of scarce judicial resources, reconsideration of an order….is employed sparingly." Gougler v. Sirius Prod., Inc., 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005) (citation omitted). Generally, Rule 60(b)(6) relief "is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Summit Med. Ctr. of Ala., Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003). Douglas Asphalt Co., v. QORE, Inc., 657 F.3d 1146, 1151–1152 (11th Cir. 2011). "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued[]" Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (citations omitted), and "cannot be brought solely to relitigate issues already raised [,]" Harris v. Corrections Corp. of Am., 2011 WL 2672553, *1 (11th Cir. Jul. 22, 2011).

The Court has reviewed the allegations in White's proposed amended complaint. White's original Section 1983 complaint (Doc. 1) was dismissed because his claims failed to state a claim upon which relief may be granted. While the *pro se* amended complaint is not a model of clarity, the Court is able to discern more detailed allegations and factual claims (essentially four (4) pages more) in support of the Section 1983 relief he seeks, when compared to his original complaint. For example, the Court *can* discern that White now alleges that he made grievances to Defendant Sheriff Cochran and others about the offending conditions and claims they were deliberately indifferent to same (i.e., that Defendant Cochran had knowledge). White also alleges additional facts about the unconstitutional conditions of confinement -- the shower, rash, foot fungus, sewage leak issues and contaminated water. This is distinct from the allegations of White's original Section 1983 complaint. (Doc. 1, Doc. 14 at 10, 12-16 (R&R)). In short, because the undersigned can discern amended

allegations which *may* support his Section 1983 claim, the undersigned cannot at this point conclude that the proposed amended complaint is futile.[4] In light of the foregoing, it is **ORDERED** that given the exceptional circumstances of this case, White's Rule 60(b)(6) motion to reconsider and request to file an amended complaint (Doc. 31) are **GRANTED**.[5]

The Clerk of the Court is **DIRECTED** to mail a copy of this order to White and to the Mobile County Metro Jail, P.O. Box 104, Mobile, AL, 36601 (White's current address).

**DONE** and **ORDERED** this the **11th** day of **January 2018**.

>  /s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] Cf. Williams v. Maiben, 2017 WL 471568, *2 (S.D. Ala. 2017), which addressed a post-judgment motion to reconsider and motion to amend a Section 1983 complaint:

> …the court has dismissed the complaint and entered final judgment, requiring a plaintiff, post-judgment, to…seek leave to amend "under [Federal Civil Procedure] Rule 59(e) or Rule 60(b)(6)," *Jacobs v. Tempur-Pedic Int'l, Inc*., 626 F.3d 1327, 1344-1345 (11th Cir. 2010), Rule 15(a)'s lenient amendment standards still govern the Court's analysis, *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n. 1 (5th Cir. 1981). Nevertheless, "[w]hile a pro se litigant must generally be given an opportunity to amend his complaint, a...court need not allow any...amendment [that] would be futile." *Lee v. Alachua Cty., Fl.,* 461 Fed. Appx. 859, 860 (11th Cir. 2012). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed ..." *Id.*
>
> The Court cannot discern how any of the amended (added) allegations in Williams' proposed amended complaint provide a basis for the relief he requests. Williams' original Section 1983 complaint was dismissed because his claims were found to either be frivolous, as a matter of law, or failed to state a claim upon which relief may be granted. …any amended…complaint would be futile such that his motion to amend…is DENIED.

[5] While the Eleventh Circuit reviewed an amended complaint by White on appeal, finding no non-frivolous claims in same, the undersigned has not seen *that* amended complaint and so is unaware whether it matches the proposed amended complaint filed in this Court. Given White's *pro se* status and the Eleventh Circuit's suggestion for him to return to this court with an amended complaint, out of an abundance of caution the undersigned has taken a more lenient approach to permit the amended complaint in this case.