IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDWIN E. WHITE, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 16-0407-KD-MU |
| SHERIFF SAM COCHRAN, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a Mobile County Metro Jail ("Metro Jail") pretrial detainee proceeding *pro se* and *in forma pauperis*, began this action by filing a complaint under 42 U.S.C. § 1983.[1] Now, he seeks to amend his complaint by adding Naph-Care as a Defendant. Plaintiff's "motion to amend Naph-Care to civil suit inadequate medical" (Doc. 40) and "motion to amend new evidence and brief" (Doc. 41) (jointly "motion to amend") have been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(R). After review of the motion to amend, it is recommended that Plaintiff's motion to amend (Docs. 40, 41) be denied.

**I. Nature of Proceedings.**

    **A. Complaint.** (Doc. 1).

Plaintiff filed a § 1983 complaint against Defendant Sheriff Sam Cochran for lack of sanitation at the Metro Jail. (Doc. 1). Plaintiff complained that he had to live in unsanitary conditions which caused him and other inmates to develop a fungus on their feet. (*Id.* at 4). A report and recommendation was entered *sua sponte* pursuant to 28

---

[1] Since filing this action, Plaintiff has been released from incarceration. (Doc. 45, notice of change of address).

U.S.C. § 1915(e)(2)(B)(ii) for the dismissal of his action without prejudice for failure to state a claim upon which relief can be granted. (Doc. 14). Over plaintiff's objection (Doc. 15), the report and recommendation was adopted (Doc. 16), and his action was dismissed without prejudice. (Doc. 17). Plaintiff appealed the judgment. (Doc. 18).

**B. First Amended Complaint.** (Doc. 34).

The Eleventh Circuit Court of Appeals dismissed his appeal. (Doc. 29 at 9). But, in its opinion, the Eleventh Circuit noted that Plaintiff could have been given an opportunity to amend his complaint and referred to an amended complaint that he filed with the Eleventh Circuit, remarking that the amended complaint "still fails to raise a plausible claim of unconstitutional confinement conditions." (*Id.* at 8).

The consequence of the Eleventh Circuit's opinion was Plaintiff filing in this Court a "motion to reconsider and modify an order for an adequate complaint under color of state 42 U.S.C. § 1983." (Doc. 31). Chief Judge DuBose granted Plaintiff's motion for reconsideration and noted in her order that the proposed amended complaint,[2] while not a model of clarity, contained more detailed allegations and additional factual claims about "the shower, rash, foot fungus, sewage leak issues and contaminated water." (*Id.* at 4). She further observed that the allegations *may* support a § 1983 claim, but at this point, she could not determine if the amended complaint was futile. (*Id.* at 4-5). Thus, Plaintiff was allowed to file his amended complaint. (*Id.* at 5).

The amended complaint is lodged against Mobile County Sheriff Sam Cochran, Warden Terry Oliver, III, and Deputy Warden Sam Houston. (Doc. 34 at 8). Plaintiff

---

[2] The amended complaint before Chief Judge DuBose is different from the amended complaint that was before the Eleventh Circuit. *See White v. Cochran,* Appeal No.: 16-17490 (11th Cir. May 11, 2017).

2

alleges that he filed grievances with these Defendants about his conditions of confinement at the Metro Jail, which he details in his amended complaint as noted in Chief Judge DuBose's order. The amended complaint was signed by Plaintiff on December 8, 2018 and specifies that it relates to a time period from January, 2016 until he filed the original complaint on August 3, 2016. (*Id.* at 3, Doc. 1).

## II. **Motion to Amend**. (Docs. 40, 41).

The matter before the Court at this time is Plaintiff's motion to amend (specifically, "motion to amend Naph-Care to civil suit inadequate medical" (Doc. 40) and "motion to amend new evidence and brief" (Doc. 41)). In the motion to amend Naph-Care (Doc. 40), he states that he wants to add Naph-Care as a defendant based on alleged inadequate medical care and malpractice. (*Id.* at 1). Plaintiff alleges that in 2016, Naph-Care did not give him the correct medical treatment for his feet and skin rash after they were contaminated with water containing toxins and sewage, leaving him in pain and with the skin coming off his foot. (*Id.* at 2). And from 2016 to 2018, Naph-Care allegedly overlooked giving him breathing treatments for chest pain caused by inadequate air vents, drinking bacteria-laden water, and breathing mold. (*Id*. at 3). However, the chief reason for filing this amended complaint against Naph-Care appears to have arisen from an incident when Plaintiff "slip[ped] and fell from a leaking toilet and raw sewage in [his] cell [when he came] out [to] the floor area with inadequate lighting[, he] injured his back, neck, and[] head[.]" (*Id.* at 3). According to him, Naph-Care and officers removed him from the floor without securing his neck and back. (*Id.*). No relief was requested in this document.

In the "motion to amend new evidence and brief" (Doc. 41), he focuses on his fall in more detail. He alleges that on February 15, 2018, "he slip[ped] and fell in his cell from inadequate plumbing, sewage water[, and] inadequate lighting" after maintenance said the leak was fixed. (Doc. 41 at 1). When he fell, he "hit his back on a steel table and his head on the floor." (*Id.*). Officer Petteway called Naph-Care as well as other officers. (*Id.* at 1-2). When he told them where he was hurt, medical personnel said that he needed to be moved and that it would hurt. (*Id.* at 2). Medical personnel removed him from his cell and placed him in a wheelchair without stabilizing his neck. (*Id.*). Nurses Rose, White, Lie, and Monroe lifted him into the wheelchair, and Officer Mollise pushed him to the clinic. (*Id.*).

When Plaintiff arrived at the clinic, Officer Evans and Sergeant Nanton pushed him into a holding cell where he stayed for forty-five minutes before he could see a nurse. (*Id.* at 2). Nurse White told him that the "x-ray doctor" was not there and gave him ibuprofen for the pain. (*Id.*). Plaintiff was returned to a different cell and was placed on the floor even though he was injured. (*Id.*). He asked to be taken to the hospital, but his request was denied. (*Id.*).

The next day, he awoke with blood coming from his nose, severe back pain, and neck pain, and he was spitting up blood. (*Id.* at 3). The grievance he filed about this was ignored. (*Id.*). The following day, he reported to Officer Wilson and medical personnel that he had back, neck and head pain and was spitting up blood. (*Id.*). Inmates told the floor officer of his situation, and Plaintiff sent grievances to Sam Cochran, Trey Oliver, Sam Houston, and others requesting an MRI and CAT scan, but his request was denied by the medical staff and jail staff. (*Id.*).

On February 18, 2018, he requested Officers Smith and Patterson to take him to the clinic because he was spitting up blood and was in severe back pain. (*Id.*). On February 19, 2018, he told Lieutenant Poe of his back and neck pain and blood issue; she told him to tell the floor officer when it occurred again. (*Id.*). He never saw a nurse or the clinic. (*Id.*). Officer Golman and others said that he should have been taken to the hospital. (*Id.* at 4). He maintains that this shows cruel and unusual punishment by Naph-Care and officers. (*Id.*).

On February 20, 2018, he was seen by a jail nurse and was forced to walk a short distance with neck pain and severe back pain. (*Id.*). He was not given an x-ray, CAT scan, or MRI, which he maintains constitutes inadequate medical care. (*Id.*). His blood pressure was high from the pain, and his legs felt numb. (*Id.*). He wants to see an outside physician for relief. (*Id.*). He adds that on March 8, 2018, he went to court in a wheelchair with severe neck and back pain and numbness in his feet and legs, and after having been given the wrong medicine. (*Id.*). He requests no relief in this document.

## III. <u>Analysis</u>.

Because Plaintiff is proceeding *in forma pauperis* and filed this action and motion to amend his complaint while incarcerated, the Court is screening the motion to amend/amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to this section, a claim can be dismissed if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff seeks to add Naph-Care, the medical care provider at the Metro Jail, as a Defendant to this § 1983 action. To state a claim against a corporate, medical-care

provider in a § 1983 action, a policy or custom of that provider must be alleged to have caused the plaintiff a deprivation of a constitutional right. *Buckner v. Toro,* 116 F.3d 450, 452-53 (11th Cir.), *cert. denied*, 522 U.S. 1018 (1997). In Plaintiff's motion to amend, he does not describe any policy or custom of Naph-Care. Rather, his allegations mention acts or failures to act that only an individual could undertake. Therefore, Plaintiff seems to want to hold Naph-Care liable for the acts or failures to act of its individual employees. Section 1983 liability, however, cannot be imposed upon an employer for the acts of its employees. *Massey v. Montgomery Cty. Det. Facility,* 646 F. App'x 777, 780 (11th Cir.) (unpublished) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)), *cert. denied,* 137 S. Ct. 137 (2016). Inasmuch as a policy or custom of Naph-Care is not specified in the motion to amend, much less one that is deliberately indifferent to Plaintiff's serious medical needs, Plaintiff's motion to amend fails to state a claim against Naph-Care. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (to show a violation of the Eighth Amendment in a medical context, deliberate indifference to serious medical needs must be established).

Because the motion to amend fails to state a claim, to allow it would be an exercise in futility. The law of this Circuit holds that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). Accordingly, it is recommended that the motion to amend be denied.[3]

---

[3] The Court notes in passing that if Plaintiff pursues any medical claims against medical personnel and providers related to his 2018 fall, they should be brought in a separate action, not in this action against jail officials challenging the conditions at the jail. *Skillern v. Georgia Dep't of Corrs. Comm'r*, 379 F. App'x 859, 960 (11th Cir. 2010) (unpublished) (finding separate events that occurred on different dates were improperly joined in spite of plaintiff's position that all the events demonstrated a deliberate indifference to his medical condition); *George v. Smith*, 507

**IV. Conclusion.**

Based upon the foregoing reasons, it is **RECOMMENDED** that Plaintiff's motions to amend (Docs. 40, 41) be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

---

F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in a different suit"); *see* Rule 20(a)(2) (requiring that claims against defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and[] any question of law or fact common to all defendants will arise in the action"). Furthermore, if the amendment in its present state had been filed as a separate *in forma pauperis* action, it would be recommended for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

7

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **20th** day of **August, 2018**.

s/ P. BRADLEY MURRAY<br>
**UNITED STATES MAGISTRATE JUDGE**