IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|                              |   |                              |
|------------------------------|---|------------------------------|
| EDWIN E. WHITE, #0256955,    | : |                              |
| Plaintiff,                   | : |                              |
| vs.                          | : | CIVIL ACTION 16-0407-KD-MU   |
| SHERIFF SAM COCHRAN,         | : |                              |
| Defendant.                   | : |                              |

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983 when he was a Mobile County Metro Jail (Metro Jail) inmate.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  It is recommended that this action be dismissed without prejudice for failure to prosecute and to obey the Court's order.

## I. Proceedings.

This action is before the Court on Chief District Judge DuBose's September 12, 2018 Order that Plaintiff re-file a motion to amend the Complaint by October 2, 2018 to correct the deficiencies noted in the Report and Recommendation dated August 20, 2018 (Doc. 49).[1]  (Doc. 52).  The Order was sent to Plaintiff at the 2451 Gulf Terra Drive

---

[1] The Report and Recommendation (Doc. 49) recommended denying Plaintiff's motions to amend (Docs. 40, 41), which sought to add Naph-Care, the Metro Jail's medical provider, as a Defendant and to lodge additional claims against it. The Report and Recommendation also advised Plaintiff that claims against medical personnel and providers needed to be brought in a separate action.  (*Id.* at 6 n.3).

North, Mobile, Alabama, address, which he had recently provided the Court.  (Doc. 47).
Plaintiff's copy has not been returned to the Court.

After Chief Judge DuBose entered the September 12, 2018 Order, six months
elapsed before Plaintiff contacted the Court on March 20, 2019, requesting all forms
including § 1983 forms, the case number and status of his action against Sam Cochran,
and a *pro se* package.  (Doc. 53).  His postcard indicated he was again incarcerated at
the Metro Jail.  (*Id.*).  A docket sheet and forms were sent to him.  (*Id.*).

On March 21, 2019, the Court entered an Order denying Plaintiff's Motion to
Proceed Without Prepayment of Fees, filed on September 5, 2018 (Doc. 51), as moot.
(Doc. 53).  In the Order Plaintiff was reminded that he had not taken any action since
filing that Motion on September 5, 2018 (Doc. 51) or since the September 12, 2018
Order adopting Report and Recommendation and requiring that he file by October 2,
2018 a motion to amend his Complaint that cured the noted deficiencies.  (Doc. 54).
Plaintiff's copy of the March 21, 2019 Order entered has not been returned to the Court.
(Doc. 54).

At least ten months have passed since Plaintiff was due to have filed an
amended complaint by October 2, 2018.  (Doc. 52).  There has been no attempt by
Plaintiff to file the required motion to amend the complaint or the amended complaint.
Ample time has elapsed for him to have complied with the Court's Order.  Furthermore,
on this date, the Court examined the websites for the Alabama Department of
Corrections and the Mobile County Sheriff's Department and did not find Plaintiff in
either's custody.  (last visited Aug. 26, 2019).

Even though Plaintiff is a *pro se* litigant, he is still "subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).  If a plaintiff fails to prosecute his claim or comply with a court order, the court may dismiss the claim. *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 140 (11th Cir. 2009).  A district court's authority to dismiss an action for failure to prosecute is inherent.  *Link v. Wabash R.R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30, 82 S.Ct. at 1388.  This authority gives the courts power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id*. at 630-31, 82 S.Ct. at 1389.

The authority to control proceedings before the court "includes the authority to impose reasonable and appropriate sanctions."  *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (quotation marks omitted).  "The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice."  *Mingo v. Sugar Cane Growers Co-op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989); *see Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (the power to dismiss an action for failure to comply with an order is an inherent power of the courts); *Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885, 887 (5th Cir.) ("It is well established that the district court has the authority to dismiss…for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure."), *cert. denied*, 392 U.S. 928 (1968); *see also Gratton v. Great Am. Commc'n,* 178 F.3d 1373,

1374 (11th Cir. 1999) (Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for … failure to comply with a court order").

The sanction of "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (quoting *Goforth*, 766 F.2d at 1535).  "Contumacious conduct warranting dismissal for failure to prosecute includes such activities as protracted foot-dragging, defiance of court orders, ignoring warnings, and wasteful expenditure of the court's time." *Green v. Dep't of Housing & Urban Dev.*, CA No. 10-0473-WS-M, 2011 WL 98542, at *2 (S.D. Ala. 2011) (unpublished) (quotation marks and citation omitted).  Conduct of this nature is present in this action.  Here, Plaintiff's conduct has shown a disregard for the Court's Orders and has unnecessarily caused the expenditure of the Court's time and resources.

Precedence, however, requires that before recommending the sanction of dismissal, the Court consider whether a lesser sanction will suffice.  *Mingo*, 864 F.2d at 102.  In this instance, there are no other effective sanctions available because Plaintiff, who is *pro se*, will not abide by the Court's Orders and is proceeding *in forma pauperis*.  Thus, a monetary fine would have no effect on Plaintiff.  Consequently, the dismissal of his action without prejudice is the most appropriate sanction.  *See Moon*, 863 F.2d at 837-39 (affirming the dismissal with prejudice of an *in forma pauperis*, *pro se* prisoner's action for failure to pay the sanction of costs associated with the deposition that he refused to give despite being previously warned he must be deposed or he would bear the deposition's costs or suffer the dismissal of his action).

Plaintiff has not filed a motion to amend the complaint by October 2, 2018 as ordered (Doc. 52), and there has been minimal contact between the Court and Plaintiff since September 5, 2018. The undersigned therefore finds that Plaintiff has abandoned the prosecution of this action.  It is recommended that this action be dismissed without prejudice for failure to prosecute and to follow the Court's Orders. [2] [3]

---

[2] The Court observes that a dismissal without prejudice of this action will operate as a dismissal with prejudice.  That is, in the event that Plaintiff re-files an action on his claims that gave rise to his original Complaint filed on August 3, 2016 (Doc. 1), the two-year statute of limitations for a § 1983 action filed in Alabama will bar that complaint from proceeding.  *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

[3] As a point of clarification, the undersigned notes that prior to Chief Judge DuBose's Order of September 12, 2018, requiring that he file an amended complaint, Plaintiff had filed amended complaints. (Doc. 52).  While Plaintiff's action was on appeal to the Eleventh Circuit Court of Appeals, the Eleventh Circuit observed that Plaintiff improperly filed an amended complaint with it, because the District Court was the proper court.  (Doc. 29 at 3,9 – Opinion and Mandate, November 27, 2017).  The Eleventh Circuit went on to deny Plaintiff's proposed amended complaint because the document failed to raise a plausible claim of unconstitutional conditions of confinement.  (*Id.* at 8; CCA No. 16-17490, amended complaint, filed May 11, 2017).

On December 20, 2017, after the Eleventh Circuit's issued its opinion, Plaintiff filed in this Court a Motion to Reconsider and Modify an Order for an Adequate Complaint under Color of State (sic) 42 U.S.C. § 1983.  (Doc. 31).  The Motion contained his proposed amended complaint.  On January 11, 2018, Chief Judge DuBose, treating the Motion as a Rule 60(b)(6) motion to reconsider and a request to file an amended complaint, granted them.  (Doc. 33).  It was noted that the Amended Complaint's allegations "*may*" state a § 1983 claim, but at that time the conclusion could not be drawn that the Amended Complaint was futile, observing that the amended complaint filed in the Eleventh Circuit was not available.  (Doc. 33 at 5 & n.5).

Through PACER (Public Access to Court Electronic Records), the amended complaint filed with Eleventh Circuit is now available.  CCA No. 16-17490, May 11, 2017.  That document is not identical to the Amended Complaint filed in this Court; this Court's Amended Complaint contains more allegations although they are repetitive, but both are on this Court's § 1983 complaint form with descriptive pages added.  The manner of the allegations' pleading is the same, that is, the claims are vaguely pled, lacking in specific supporting facts.  The allegations that tend to connect a Defendant and others to a complained of condition group together Defendants and others in a conclusory manner.  For example, "Plaintiff was drinking water with toxics, contaminates, rust, lead and bacteria in the Metro County Jail in March 2016[.]  Plaintiff gave grievance[s] to Sam Cochran, Warden Oliver, Mainten[an]ce, Medical staff, and officers about these condi[]tions they were ignored."  (Doc. 34 at 4).  Plaintiff alleges that he made grievances through December 2016 on a variety of issues.  (*Id.* at 6).  This is akin to a type of a shotgun pleading noted in *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313 (11th Cir.

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

---

2015), that "assert[ed] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.* at 1323.  The Court observed that such shotgun pleading failed "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.  (*Id.*).  And such allegations were not sufficiently clear to allow a defendant to frame a response.  (*Id.* at n.15).

Regarding the amended complaint filed with the Eleventh Circuit, the Eleventh Circuit denied it in its opinion because it failed to raise a *plausible* claim for unconstitutional conditions of confinement.  (Doc. 29 at 8.)  The Eleventh Circuit commented that in the amended complaint, Plaintiff stated that in December 2016, he submitted grievances to Cochran and Oliver, and he received a response from them that a work order had been submitted. (*Id.* at 8-9).  The Court held that "[t]hese allegations belie an assertion that Cochran or Oliver knowingly or recklessly disregard the problems in the jail." (*Id.* at 9, citing *Thomas v. Bryant,* 614 F.3d 1288, 1312 (11th Cir. 2010) ("In conditions-of-confinement cases, wantonness is established by proving that a defendant prison official was deliberately indifferent to a risk of serious harm to the plaintiff inmate.")).  By Plaintiff failing to make a demonstration of the subjective element of an Eighth Amendment claim, the Court found the amended complaint not to be plausible.

Similarly, the Amended Complaint filed in this Court did not present a plausible claim against each named Defendant.  *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007) ("To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility."); *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  A specific factual ground was not directed to each individual Defendant, and the allegations did not reflect that an Eighth Amendment violation occurred in light of the Plaintiff's allegation in the amended complaint filed with the Eleventh Circuit that Defendants Cochran and Oliver responded to his grievance that a work order had been submitted.  *Cf. Battle v. Cent. State Hosp.,* 898 F.2d 126, 130 n.3 (11th Cir. 1990) ("allegations that are contradicted by other allegations in the complaint may also constitute grounds for dismissal").

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 4th day of September, 2019.


s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**